968 F.2d 19
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Brenda GONZALES, Plaintiff-Appellee,
v.
Emily VIGIL; Jemez Mountain School District Board of
Education, Defendants,
and
Thomas Bailey, in his individual capacity; Mary Robinson;
Modesto Vialpondo; Albert Branch, in his individual
capacity; L.D. Stevenson, in his individual capacity;
Manuel Serrano, in his individual capacity; Ronnie Chavez,
in his individual capacity, Defendants-Appellants.
 No. 90-2236.
 United States Court of Appeals, Tenth Circuit.
 June 4, 1992.
 
 Before EBEL and McWILLIAMS, Circuit Judges, and JENKINS,* District Judge.
 ORDER AND JUDGMENT**
 PER CURIAM.
 
 
 1
 Plaintiff-Appellee Brenda Gonzales ("Gonzales"), born without a left forearm and hand, was employed as a teacher's aide in the Jemez Mountain School District for three years. In 1988, the Board of Education for the Jemez Mountain Schools, instead of rehiring the teacher aides, opened up the available aide positions to all interested persons. Gonzales was not rehired.
 
 
 2
 On September 11, 1989, Gonzales filed this lawsuit, alleging multiple violations of the United States Constitution and various statutory provisions. On January 4, 1990, the District Court entered an order setting trial for November of 1990 and setting September 15, 1990 as the last day for filing Pre-trial motions. Defendants sought and received an extension of this deadline to September 25, 1990 for their Motion for Summary Judgment. Gonzales received a seven-day extension until October 17, 1990 to file her response. On October 31, 1990, defendants filed their reply. On November 2, 1990, the District Court judge advised the parties that he was denying defendants' motion. On November 5, 1990, defendants informed the court and opposing counsel that they would appeal the denial of their motion based on qualified immunity. On that same day, defendants filed their Notice of Appeal, Motion to Vacate and Stay and an accompanying Memorandum. On November 6, 1990, the District Court filed a Memorandum Opinion and Order denying defendants' Motion for Summary Judgment. On November 6, 1990, defendants filed in this court an Emergency Motion for Stay of Proceedings Pending Appeal. On November 7, 1990, this court stayed all proceedings in the District Court pending defendants' appeal. Subsequently, Gonzales filed a Motion for Reconsideration which was denied.
 
 
 3
 After careful consideration of the arguments of counsel and the record and pleadings in this case, the court holds that it has jurisdiction over defendants' appeal and that the District Court properly denied defendants' Motion for Summary Judgment. The November 6, 1990 order of the District Court denying defendants' Motion for Summary Judgment, therefore, is AFFIRMED and the matter is REMANDED for further proceedings.
 
 
 
 *
 The Honorable Bruce S. Jenkins, Chief Judge of the United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3